**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR P. GIOTTA and LORALEE GIOTTA, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant-Appellee. | No. 16-16665<br><br>D.C. No. 5:15-cv-00620-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted December 8, 2017
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and SIMON,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Victor and Loralee Giotta appeal the district court's dismissal of their Fair Debt Collection Practices Act (FDCPA) claim against Ocwen Loan Servicing, LLC (Ocwen). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in dismissing the Giottas' FDCPA claim for failure to comply with the Deed of Trust's "Notice Provision." It is undisputed that the Giottas did not provide notice. Therefore, the question is whether the Notice Provision applies to this case; it does.

1. The Notice Provision's text covers this action. The Notice Provision clearly applies to: (1) "any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument;" or (2) "any judicial action . . . that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument." The Giottas were in default on their mortgage. Therefore, the Deed of Trust authorized property inspections and valuations to protect the Lender's interest in the property and to pass the fees for those services on to the borrower: "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." In this case, the Giottas allege that Ocwen violated the FDCPA when it billed the Giottas for those fees

2

without disclosing the profit structure of the third-party entity that conducted the services. Accordingly, the instant suit is a "judicial action . . . that *arises from* the other party's actions *pursuant to* this Security Instrument."

    2. The Notice Provision requires notice to Ocwen. Per its text, the Notice Provision applies only to the "Lender." However, the Deed of Trust explicitly provides that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Further, it specifically notified the Giottas that the note may be sold. Although Ocwen is not the "Lender" as defined in the Deed of Trust, it is an assign. Per the record, OneWestBank assigned the servicing rights on the Giottas' mortgage to Ocwen: "[Ocwen] and [OneWestBank] desire to set forth the terms and conditions pursuant to which [OneWestBank] will sell, transfer and assign, to [Ocwen], all of [OneWestBank's] right, title and interest in and to such Mortgage Servicing Rights." Providing notice before filing an action is a benefit (as opposed to a binding covenant or agreement), because it gives the Lender prior notice and an opportunity to take corrective action before litigation is formally commenced. Therefore, as an assign of the Lender, the Notice Provision is a "benefit" of the "covenants and agreements" in the Deed of Trust, inuring to Ocwen.

3. The Notice provision does not abrogate the provisions of the FDCPA. "The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007) (per curiam). Although a consumer may not waive such protections, *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 n.5 (9th Cir. 2006), the Notice Provision does not contravene the statute's purposes and, thus, does not impermissibly abrogate the FDCPA.

Because the Giottas failed to provide pre-suit notice to Ocwen in accordance with the Deed of Trust, the district court properly dismissed the case. We therefore need not decide whether Ocwen violated the FDCPA.

**AFFIRMED.**